IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 9419 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| SUNOPTA INGREDIENTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kraft Foods Group, Inc. ("Kraft") purchased a dried buttermilk product from defendant SunOpta Ingredients, Inc. ("SunOpta") for over two decades. Kraft learned in 2013 that the dried buttermilk product was not pure buttermilk powder but a blend of buttermilk powder and other ingredients including whey powder, whey protein concentrate, and dried milk. Kraft subsequently brought this action against SunOpta for breach of contract, common-law fraud, violation of the Illinois Deceptive Business Practices Act, 815 ILCS 510/2, and violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2. SunOpta moves to dismiss. For the following reasons, the motion is granted in part and denied in part.

**I.    BACKGROUND**

According to the complaint, Kraft and its predecessors began purchasing high heat spray dried buttermilk product, which Kraft uses to make cheese powder, from SunOpta or a SunOpta predecessor in 1993. (Compl. ¶¶ 1, 6.) Kraft continued purchasing the buttermilk product for approximately 20 years, until it learned in 2013 that the "buttermilk product" (the term for the product that SunOpta used in the Product Data Sheet it submitted to Kraft (*Id.* Ex. 2)) contained

whey powder, whey protein concentrate, and dried milk, although Kraft had allegedly specified that the product should be composed only of pure dried buttermilk. (*Id.* ¶¶ 6-7, 9-10, 13.)

Kraft claims in Count I of its complaint that SunOpta breached its contracts and the express warranties contained therein by supplying Kraft with the buttermilk blend instead of pure dried buttermilk. Further, Kraft claims that, by fraudulently representing that it was supplying Kraft and its predecessors with pure "buttermilk product" rather than a buttermilk blend, SunOpta committed common-law fraud (Count II) and violated the Illinois Deceptive Business Practices Act (Count III) and the Illinois Consumer Fraud Act (Count IV).

## II.  LEGAL STANDARDS

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Additionally, a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility

standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

### III. BREACH OF CONTRACT (COUNT I)

SunOpta contends in its motion to dismiss that Kraft fails to state a breach of contract/warranty claim, and any such claim, even if stated, would be "largely" time-barred. (Mem. Supp. Mot. Dismiss at 5.)

SunOpta argues that Kraft fails to state a claim because it fails to plead the existence or terms of any agreement, much less 20 years' worth of agreements. Kraft alleges that it has been buying buttermilk product from SunOpta for 20 years, and it includes, as Exhibit 1 to its complaint, an unsigned purchase order from 2012 that vaguely mentions product specifications, but it does not describe the circumstances surrounding the formation of its contracts with SunOpta or its predecessors. These allegations, SunOpta contends, do not contain sufficient facts to permit the Court to infer the terms of the contracts or whether the exact composition of the buttermilk product was part of the basis of the bargain.

To state a breach of contract claim under Illinois law, Kraft must allege "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010), <u>as amended</u> (Dec. 16, 2010). The complaint alleges the following: Kraft purchased a "high heat spray dried buttermilk powder" from SunOpta for over 20 years between 1993 and 2013; in making these purchases, Kraft specified that it was offering to purchase "buttermilk product"; based in part on definitions found in federal regulations, the parties understood "buttermilk product" to mean pure dried buttermilk, not a blend of buttermilk powder

3

and other ingredients; SunOpta warranted that its product would comply with Kraft's specifications; and Kraft suffered damages because SunOpta provided an inferior buttermilk blend instead of the pure "buttermilk product" Kraft sought. (Compl. ¶¶ 1, 6-7, 9-12, 13-17, Ex. 1, p. 4 § 2.) These allegations are more than sufficient to state a claim that meets the plausibility standard of *Twombly*. Kraft has plausibly alleged that SunOpta breached its contractual duties by supplying Kraft with a product that did not conform to Kraft's specifications.[1]

The parties also discuss whether the statute of limitations bars Kraft's claims as to goods that were delivered more than 4 years before it filed this action. *See* 810 ILCS 5/2-725. Kraft contends that (1) "as long as one shipment occurred within the limitations period[,] the claim survives" (Mem. Opp. at 11), and the complaint clearly and indisputably alleges that there were orders and shipments between the parties in 2013; and (2) the statute is tolled because SunOpta fraudulently concealed the cause of action until 2013.

The fact that the statute of limitations might bar Kraft's claim as to certain older transactions provides no basis for dismissing the claim at this stage. Unless Kraft "admits all the ingredients of an impenetrable defense," it is premature at the pleading stage to dismiss Kraft's claim on statute of limitations grounds. *See Jovic v. L-3 Servs., Inc.*, No. 10 C 5197, 2014 WL 4748614, at *11 (N.D. Ill. Sept. 24, 2014) (citing *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)). Far from admitting the ingredients of an impenetrable statute of limitations defense, the complaint clearly alleges that several transactions took place within the limitations period.

As for whether the statute of limitations is tolled by acts of fraudulent concealment as to the transactions that appear to fall outside the limitations period, the Court does not decide the

---

[1] SunOpta suggests that Kraft must attach to its complaint copies of all the purchase orders, not merely an unsigned copy of the 2012 purchase order, but the Court agrees with Kraft that its pleading burden is not so onerous. *See Quantum Color Graphics, LLC v. Fan Ass'n Event Photo GmbH*, 185 F. Supp. 2d 897, 905-06 (N.D. Ill. 2002).

issue at this stage, but, as the following discussion will show, the present complaint does not plausibly allege fraudulent concealment. *See Int'l Star Registry of Ill. v. ABC Radio Network, Inc.*, 451 F. Supp. 2d 982, 989 (N.D. Ill. 2006).

## IV. FRAUD CLAIMS (COUNTS II-IV)

Kraft asserts claims of common-law fraud (Count II), violation of the Illinois Deceptive Business Practices Act, 815 ILCS 510/2 (Count III), and violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2, by engaging in "deceptive acts and practices" (Count IV).

Kraft has not responded to the motion to dismiss the Deceptive Business Practices Act claim, so the Court deems Count III abandoned. *See Jones v. U.S. Bank Nat'l Ass'n*, No. 10 C 0008, 2011 WL 663087, at *2 (N.D. Ill. Feb. 14, 2011).

The elements of the remaining claims are as follows:

> To state a claim under the ICFA, a plaintiff must allege "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (citing *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002)). To state a claim of common law fraud, a plaintiff must allege "(1) a false statement or omission of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance." *Weidner v. Karlin,* 932 N.E.2d 602, 605 (Ill. App. Ct. 2010).

*Miner v. Gov't Payment Serv., Inc.*, No. 1:14-CV-07474, 2015 WL 3528243, at *3 (N.D. Ill. June 4, 2015).

Both the common-law fraud claim and the ICFA claim are based on alleged misrepresentations or misleading omissions, and both claims therefore must meet the heightened pleading standard of Rule 9(b). *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446-47 (7th Cir. 2011). Rule 9(b) requires Kraft to describe the circumstances of the alleged fraud with particularity by providing the "who, what, where, when

5

and how" of the alleged misrepresentations.  *Bank of Am., Nat. Ass'n, v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

Kraft does not meet this burden.  The alleged fraud is too sketchily drawn.  Even if Kraft need not offer specific misrepresentations (although it does point to some SunOpta documents that refer to "buttermilk product" as 100% buttermilk) or allege facts firmly establishing each element of its fraud claims, it must plead enough factual matter to allow the Court to infer that it is plausible, not merely possible, that SunOpta intended to deceive Kraft and induce Kraft to act based on the deception.  *Pirelli*, 631 F.3d at 443; *see also Int'l Star Registry of Ill. v. ABC Radio Network, Inc.*, 451 F. Supp. 2d 982, 988-89 (N.D. Ill. 2006).  Based on the allegations Kraft has made and exhibits it has submitted, the Court cannot infer "more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  SunOpta's supplying the buttermilk blend instead of pure buttermilk product is "just as much in line" with alternative explanations, such as a miscommunication, misunderstanding, internal mix-up or some other sort of honest mistake, as with fraud, *see Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 554); *Pirelli*, 631 F.3d at 444-45.  Kraft has not provided enough factual detail to raise its "right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Counts II and IV are dismissed.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part defendant's motion to dismiss [19]. Counts II-IV are dismissed without prejudice. Count I survives. Status hearing set for 8/25/15 at 9:30 a.m.

**SO ORDERED.**

                                        **ENTERED: August 10, 2015**

                                        **HON. JORGE L. ALONSO**
                                        **United States District Judge**